UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| TANIA JANE TITUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:18-cv-749 |
| | ) |
| COMMISSIONER OF | ) Honorable Gordon J. Quist |
| SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## REPORT AND RECOMMENDATION

This is a social security action brought under 42 U.S.C. § 405(g), seeking review of a final decision of the Commissioner of Social Security, finding that plaintiff was not entitled to disability insurance benefits (DIB). In November 2015, plaintiff filed her application for benefits. She alleged a July 30, 2015, onset of disability. (ECF No. 8-5, PageID.190). Plaintiff's claim was denied on initial review. (ECF No. 8-3, PageID.81-83). On August 7, 2017, plaintiff received a hearing before an ALJ. (ECF No. 8-2, PageID.39-65). The ALJ issued her decision on December 11, 2017, finding that plaintiff was not disabled. (ECF No. 8-3, PageID.84-98). On May 24, 2018, the Appeals Council denied review (ECF No. 8-2, PageID.27-29), rendering the ALJ's decision the Commissioner's final decision.

Plaintiff timely filed a complaint seeking judicial review of the Commissioner's decision. Plaintiff argues that the Commissioner's decision should be overturned on the following grounds:

I. The ALJ violated the treating physician rule when she did not give controlling weight to the opinions of Simone Bruemmer, D.O.

II. The ALJ's finding that plaintiff's migraine headaches were not severe impairments is not supported by substantial evidence.

III. The ALJ committed reversible error when she found that plaintiff's essential tremors did not meet or equal the requirements of Listing 11.17.

IV. The ALJ failed to correctly apply SSR 02-1p in evaluating the severity of the plaintiff's obesity.

(Plf. Brief, 1-2, ECF No. 12, PageID.880-81). For the reasons set forth herein, I recommend that the Court affirm the Commissioner's decision.

**Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d

525, 528 (6th Cir. 1997). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73; *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013) ("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion.").

## The ALJ's Decision

The ALJ found that plaintiff met the disability insured requirements of the Social Security Act through December 31, 2020. (Op., 3, ECF No. 8-3, PageID.86). Plaintiff had not engaged in substantial gainful activity on or after July 30, 2015, the alleged onset date. (*Id.* at 4, PageID.87). Plaintiff had the severe impairment of "essential tremors." (*Id.*). Plaintiff did not have an impairment or combination of impairments that met or equaled a listing impairment. (*Id.* at 7, PageID.90). The ALJ found that plaintiff retained the residual functional capacity (RFC) for a range of light work with the following exceptions:

> only occasional climbing of ramps/stairs, kneeling, crouching, crawling, balancing; no ladders, ropes, scaffolds, unprotected heights, moving machinery; and no exposure to very loud noises.

(*Id.* at 8, PageID.91).

The ALJ found that plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence of record. (*Id.* at 9, PageID.92). Plaintiff could not perform any past relevant work. (*Id.* at 13, PageID.96).

The ALJ considered the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age with her RFC, education, and work experience, the VE testified that there were approximately 1,551,000 jobs in the national economy that the hypothetical person would be capable of performing. (ECF No. 8-2, PageID.61-62). The ALJ found that this constituted a significant number of jobs, and she found that plaintiff was not disabled. (Op., 14-15, PageID.97-98).

## Discussion

### 1.

Plaintiff argues that the ALJ violated the treating physician rule when she did not give controlling weight to the opinions of Simone Bruemmer, D.O., a treating physician.[1] (Plf. Brief, 8-14, ECF No. 12, PageID.887-93; Reply Brief, 1-2, ECF No. 14, PageID.922-23).

---

[1] Other arguments inserted at the end of this section of plaintiff's brief regarding failure to recontact a treating physician, a purported violation of SSR 96-7p, and failure to adequately consider the statement of plaintiff's sister-in-law (*see* Pltf. Br. at 13-14, PageID.892-93), do not appear in plaintiff's statement of errors and they should be deemed waived. *See Ealy v. Commissioner*, 594 F.3d 504, 513 (6th Cir. 2010); *Toll v. Commissioner*, No. 1:16-cv-705, 2017 WL 1017821, at *3 (W.D. Mich. Mar. 16, 2017) (The Notice that this Court issues in social security cases "caution[s] that failure to include an issue in the Statement of Errors constitutes a waiver of that issue.").

Generally, the medical opinions of treating physicians are given substantial, if not controlling weight. *See Johnson v. Commissioner*, 652 F.3d 646, 651 (6th Cir. 2011). "[T]he opinion of a treating physician does not receive controlling weight merely by virtue of the fact that it is from a treating physician. Rather, it is accorded controlling weight where it is 'well supported by medically acceptable clinical and laboratory diagnostic techniques' and is not 'inconsistent ... with the other substantial evidence in the case record.'" *Massey v. Commissioner*, 409 F. App'x 917, 921 (6th Cir. 2011) (quoting *Blakley v. Commissioner*, 581 F.3d 399, 406 (6th Cir. 2009)).

"[T]he ALJ is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation." *Buxton v. Halter*, 246 F.3d at 773 (citation and quotation omitted). An opinion that is based on the claimant's reporting of her symptoms is not entitled to controlling weight. *See Young v. Secretary of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir. 1990*); see also Kepke v. Commissioner*, 636 F. App'x 625, 629 (6th Cir. 2016) ("[A] a doctor cannot simply report what his patient says and re-package it as an opinion."); *Francis v. Commissioner*, 414 F. App'x 802, 804 (6th Cir. 2011) (A physician's statement that merely regurgitates a claimant's self-described symptoms "is not a medical opinion at all.").

Even when a treating source's medical opinion is not given controlling weight, it should not necessarily be completely rejected; the weight to be given to the opinion is determined by a set of factors, including treatment relationship, supportability, consistency, specialization, and other factors. *See Titles II and XVI: Giving*

*Controlling Weight to Treating Source Medical Opinions*, SSR 96-2p[2] (reprinted at 1996 WL 374188 (SSA July 2, 1996)); 20 C.F.R. § 404.1527(c); *see also Perry v. Commissioner*, 734 F. App'x 335, 339 (6th Cir. 2018) ("This does not require an 'exhaustive, step-by-step analysis[.]' ") (quoting *Biestek v. Commissioner*, 880 F.3d 778, 785 (6th Cir. 2017)).

Moreover, the Sixth Circuit has held that claimants are "entitled to receive good reasons for the weight accorded their treating sources independent of their substantive right to receive disability benefits." *Smith v. Commissioner*, 482 F.3d 873, 875-76 (6th Cir. 2007*); see Gayheart*, 710 F.3d at 376. The reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reasons for that weight." SSR 96-2p, 1996 WL 374188 at *5; *see Gayheart*, 710 F.3d at 376. This procedural requirement exists, in part, so that claimants "understand why the administrative bureaucracy deems them not disabled when physicians are telling them that they are." *Smith v. Commissioner*, 482 F.3d at 876; *see also Gayheart v. Commissioner*, 710 F.3d at 376 ("This procedural requirement 'ensures that the ALJ applies the treating physician

---

[2] On March 27, 2017, the Administration rescinded SSR 96-2p "for claims filed on or after" that date. Rescission of Social Security Rulings 96-2p, 96-5p, and 06-3p, 82 Fed. Reg. 15263-01 (Mar. 27, 2017) (reprinted at 2017 WL 1105348). The Administration noted that Ruling 96-2p was inconsistent with new rules that "state that all medical sources, not just acceptable medical sources, can make evidence that we categorize and consider as medical opinions." *Id.* The new rules apply only to claims filed on or after March 27, 2017. *See Hancock v. Commissioner*, No. 1:16-cv-1105, 2017 WL 2838237, at *7 n.2 (W.D. Mich. July 3, 2017).

rule and permits meaningful review of the ALJ's application of the rule.") (citation and quotation omitted).

Plaintiff alleged a July 30, 2015, onset of disability. On September 7, 2016, she had her initial contact with Dr. Bruemmer. Plaintiff related that she had been examined by neurologists at the University of Michigan and that they found that her tremors were not neurological. (ECF No. 8-10, PageID.791). Dr. Bruemmer offered a diagnosis of tremor of unknown origin and she referred plaintiff to a neurologist. (*Id.* at PageID.793-94). Plaintiff was concerned about her weight and she reported that her diet was "not the best." (*Id.* at PageID.792). Plaintiff weighed 192 pounds and her height was 5 feet 3 inches, resulting in a 34.2 body mass index (BMI). (*Id.* at PageID.796-97). Dr. Bruemmer counseled plaintiff regarding exercise and eating a healthy, low fat diet. (*Id.* at PageID.794). Plaintiff reported that she was taking Propranolol and Imitrex for her migraine headaches. (*Id.* at PageID.792). Dr. Bruemmer advised plaintiff to "[c]ontinue [taking] Imitrex as [her migraines were] controlled on medication." (*Id.* at PageID.794). She increased plaintiff's "dose of Propranolol as well to see if it help[ed] the tremor in addition to the migraines." (*Id.* at PageID.794). Although plaintiff denied experiencing depression, Dr. Bruemmer prescribed Cymbalta and took plaintiff off other medications because they posed potential interaction problems. (*Id.* at PageID.792-94). Plaintiff had normal strength and her musculoskeletal examination was negative for arthralgias, myalgias, and gait problems. (*Id.* at PageID.792).

On October 7, 2016, plaintiff returned to Bruemmer. She noted that plaintiff's MRI was normal and referred plaintiff to a movement disorder specialist at the University of Michigan. (*Id.* at PageID.779). Plaintiff was oriented to person place and time. She had normal strength. Her mood and affect were normal. She did not appear to be anxious or depressed. (*Id.*). Plaintiff again stated that she did not eat a healthy diet and did not exercise. (*Id.* at PageID.778). Her triglyceride level was elevated. Dr. Bruemmer prescribed fish oil and gave plaintiff instructions regarding a low-fat diet and exercising. (*Id.* at PageID.780).

On January 17, 2017, plaintiff returned to Dr. Bruemmer for a follow-up examination. (*Id.* at PageID.756). Plaintiff reported that she had experienced "two bad migraines since her last visit," and that she was "following with [doctors at] U of M for her tremors" and migraines. (*Id.*). She was trying to eat better and was exercising. Her BMI was 35.8. (*Id.* at PageID.759). Plaintiff received counseling regarding diet and exercise. (*Id.* at PageID.758). Plaintiff did not appear anxious or depressed and her strength was normal. (*Id.* at PageID.757).

On April 24, 2017, plaintiff informed Dr. Bruemmer that she had an appointment scheduled for the following month at the University of Michigan's Movement Clinic for treatment of her tremors. (*Id.* at PageID.748, 750). Plaintiff reported that she was experiencing a slight migraine headache. She denied any change in vision, weakness or trouble speaking. (*Id.* at PageID.748). Dr. Bruemmer noted that plaintiff did not appear to be ill. Plaintiff had normal strength and no sensory deficits. (*Id.* at PageID.749)

On May 16, 2017, Dr. Bruemmer completed a "Medical Source Statement-Physical" questionnaire. (ECF No. 8-10, PageID.870-72). She offered her opinions that since July 30, 2015, plaintiff could not sit or stand or walk more than two hours in an eight-hour workday. Plaintiff could rarely lift less than ten pounds and never lift ten pounds. She could rarely twist or climb stairs and never stoop, squat or climb ladders. Dr. Bruemmer opined that plaintiff had significant reaching, handling, and fingering limitations. Dr. Bruemmer indicated that plaintiff's symptoms would constantly interfere with attention and concentration, and that she was incapable of performing even low stress work. (*Id.*).

On August 1, 2017, Dr. Bruemmer wrote a three-sentence letter expressing her opinion that plaintiff was "unable to work due to tremors."[3] (ECF No. 8-10, PageID.861).

The ALJ recognized that Dr. Bruemmer was a treating physician and he gave her opinions partial weight. (Op. 11, PageID.94). The ALJ rejected opinions that were inconsistent with the medical evidence, including Dr. Bruemmer's treatment notes:

---

[3] Plaintiff argues that the ALJ should have given greater weight to Dr. Bruemmer's opinions because plaintiff was found disabled "on her second application by the State Agency on June 29, 2018." (Reply Brief, 1, PageID.922). This argument is improper on multiple levels. First, a reply brief is not the proper place to raise and develop new arguments that should have appeared in an initial brief. *See Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir. 2010); *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008). Second, this Court's review is limited to the evidence presented to the ALJ. *See Jones v. Commissioner*, 336 F.3d 469, 478 (6th Cir. 2003); *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Third, a subsequent decision granting benefits is not new and material evidence. *See Allen v. Commissioner*, 561 F.3d 646, 652-54 (6th Cir. 2009).

> There are no objective findings on examination to justify never lifting over ten pounds, and sitting, standing and walking less than two hours in an eight-hour workday; which indicates that Dr. Bruemmer relied quite heavily on the subjective report of symptoms and limitations provided by the claimant. The treatment notes show that the claimant has tremor in her head and upper extremities, but also has full strength and full range of motion in all muscle groups and joints. Furthermore, Dr. Bruemmer opined that the limitations she described applied back to July of 2015, however, she did not begin treating the claimant until September of 2016, and only saw her on four occasions before rendering her opinion. Thus, she did not have the benefit of a longitudinal picture of the claimant's symptoms.

(*Id.*).

ALJs are not bound by conclusory statements of doctors where they appear on "check-box forms" and are unsupported by explanations citing detailed objective criteria and documentation. *See Buxton*, 246 F.3d at 773; *see also Ellars v. Commissioner*, 647 F. App'x 563, 566-67 (6th Cir. 2016) (ALJs "properly [give] a check-box form little weight where the physician provide[s] no explanation for the restrictions entered on the form and cite[s] no supporting medical evidence."); *see also Nicholas v. Berryhill*, No. 16-14072, 2018 WL 2181463, at *3 (E.D. Mich. Jan. 25, 2018) ("Courts in this circuit have held that a medical source statement in 'check-the-box' format, by itself, provides little to no persuasive value — to hold otherwise would neglect its glaring lack of narrative analysis.") (citation and quotation omitted). I find that the ALJ gave good reasons for the weight that to the opinions that Dr. Bruemmer provided in her questionnaire responses.

The ALJ did not err in assigning little weight to Dr. Bruemmer's opinion that plaintiff "was unable to work." (Op., 12, PageID.95). The issue of whether the claimant is disabled within the meaning of the Social Security Act is reserved to the

-10-

Commissioner. 20 C.F.R. § 404.1527(d)(1); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004). A treating physician's opinion that a patient is disabled is not entitled to any special significance. *See* 20 C.F.R. § 404.1527(d)(1), (3); *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007); *Sims v. Commissioner*, 406 F. App'x 977, 980 n. 1 (6th Cir. 2011) ("[T]he determination of disability [is] the prerogative of the Commissioner, not the treating physician."); *see also Cosma v. Commissioner*, 652 F. App'x 310, 311 (6th Cir. 2016) ("The ALJ reasonably gave no weight to [a doctor's] opinion because her conclusion that [plaintiff was] totally disabled is a determination reserved to the Commissioner."). I find no violation of the treating physician rule.

### 2.

Plaintiff argues that the ALJ's finding that her migraine headaches were not severe impairments is not supported by substantial evidence. (Plf. Brief, 14-16, PageID.893-95; Reply Brief, 3, PageID.923).

The finding of a severe impairment at step two is a threshold determination. The finding of a single severe impairment is sufficient to require continuation of the sequential analysis. *See Maziarz v. Secretary of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir.1987). The ALJ found at step two of the sequential analysis that plaintiff had the severe impairment of essential tremors. (Op., 4, PageID.87). The ALJ's failure to find additional severe impairments at step two is "legally irrelevant." *McGlothin v. Commissioner*, 299 F. App'x 516, 522 (6th Cir. 2008); *see Hedges v. Commissioner*, 725 F. App'x 394, 395 (6th Cir. 2018). The ALJ continued the sequential analysis and considered all plaintiff's severe and non-severe impairments

in making her factual finding regarding plaintiff's RFC. (Op., 3, 8, PageID.86, 91). I find no basis for disturbing the Commissioner's decision.

**3.**

Plaintiff argues that the ALJ committed reversible error in failing to find that her essential tremors met or equaled listing 11.17. (Plf. Brief, 16-18, PageID.895-97; Reply Brief, 2-3, PageID.923-24).

The Listing of Impairments "describes impairments the SSA considers to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." *Rabbers v. Commissioner*, 582 F.3d 647, 653 (6th Cir. 2009) (internal quotations omitted). "Because satisfying the listings yields an automatic determination of disability ... the evidentiary standards [at step three] ... are more strenuous than for claims that proceed through the entire five-step evaluation." *Peterson v. Commissioner*, 552 F. App'x 533, 539 (6th Cir. 2014). A claimant bears the burden of demonstrating that she meets or equals[4] a listed impairment at the third step of the sequential evaluation. *Elam*, 348 F.3d at 125. An impairment that only meets some of the criteria does not satisfy plaintiff's

---

[4] It is possible for a claimant to provide evidence of medical equivalence to a listing. *See Bolton v. Commissioner*, 730 F. App'x 334, 336-37 (6th Cir. 2018). To demonstrate such medical equivalence, the claimant must present "medical findings equal in severity to all the criteria for the one most similar listed impairment." *Sullivan v. Zebley*, 493 U.S. at 531; *Thacker v. Social Security Admin.*, 93 F. App'x 725, 728 (6th Cir. 2004) ("When a claimant alleges that [s]he meets or equals a listed impairment, [s]he must present specific medical findings that satisfy the various tests listed in the description of the applicable impairment or present medical evidence which describes how the impairment has such equivalency.") (citing *Evans v. Secretary of Health & Human Servs.*, 835 F.2d 161, 164 (6th Cir. 1987)).

burden.  *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

Plaintiff did not claim in her prehearing brief that she met or equaled the requirements of Listing 11.17 (*see* ECF No. 8-6, PageID.274-76), nor did she argue that issue during her administrative hearing (*see* ECF No. 8-2, PageID.39-65).  It is against this backdrop that the Court addresses plaintiff's argument that the ALJ erred in not finding that she met or equaled the requirements of Listing 11.17.

The ALJ found that plaintiff did not meet or equal the requirements of any listing impairment, including Listing 11.17:

> The claimant does not have disorganization of motor function in two extremities (11.00D1), resulting in extreme limitation (11.00 D2) in the ability to stand up from a seated position, balance while standing or walking, or use of the upper extremities; or marked limitation in physical functioning and one of the following:  understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; or adapting or managing oneself.  Therefore, her tremors do not meet or medically equal the criteria of any of the neurological listings.

(Op., 7-8, PageID.90-91).

Plaintiff argues that her tremors "impair[ed] the use of her hands because of the shaking and her being able to walk unassisted.  She must use a cane for assistance and she should not be driving her car."  (Plf. Brief, 18, PageID.897).  Plaintiff's argument based on "impairment" of her ability to walk or use her hands does not approach satisfying her burden at Step III.  "A claimant must do more than point to evidence on which the ALJ could have based h[er] finding to raise a substantial question as to whether [s]he has satisfied a listing." *Smith-Johnson v. Commissioner*, 579 F. App'x 426, 432 (6th Cir. 2014) (citation and quotation omitted).  "Rather, the claimant must point to specific evidence that demonstrates [s]he reasonably could

-13-

meet or equal every requirement of the listing." *Id.*

Part A of Listing 11.17 the listing contains the requirements of "Disorganization of motor function in two extremities (*see* 11.00D1), resulting in an extreme limitation (*see* 11.00D2) in the ability to stand up from a seated position, balance while standing or walking, or use of the upper extremities." 20 C.F.R., Part 404, Subpart P, App. 1, § 11.17A. "*Extreme limitation* means the inability to stand up from a seated position, maintain balance in a standing position and while walking, or use your upper extremities to independently initiate, sustain, and complete work-related activities." *Id.* at § 11.00D(2). "Inability to maintain balance in a standing position means that you are unable to maintain an upright position while standing or walking without the assistance of another person or an assistive device, such as a walker, two crutches, or two canes." *Id.* at § 11.00D(2)(b).

The ALJ's finding that plaintiff did not have an extreme limitation in her ability to stand or walk is supported by substantial evidence. Plaintiff concedes that "she does not have to use two canes to ambulate, only one." (Reply Brief, 3, PageID.924). She testified that she could walk without a cane "when [she was] not trembling really bad." (ECF No. 8-2, PageID.54-55). She also engaged in "a wide range of daily activities," including caring for her dogs, performing household chores, crafts, and laundry. (Op., 13, PageID.96).

The listing's requirements for an extreme limitation in the ability to use upper extremities is demanding. "Inability to use your upper extremities means that you have a loss of function of both upper extremities (including fingers, wrists, hands,

-14-

arms, and shoulders) that very seriously limits your ability to independently initiate, sustain, and complete work-related activities involving fine and gross motor movements." 20 C.F.R., Part 404, Subpart P, App. 1, § 11.00D(2)(c). Plaintiff did not present any developed argument explaining how she met or equaled this requirement. Plaintiff testified that she generally did not have difficulty doing things with her hands and fingers. She estimated that her tremors "impact[ed]" her hands "[a]bout four times a month." (ECF No. 8-2, PageID.55). She engaged in extensive daily activities. (Op., 13, PageID.96).

The ALJ's finding that plaintiff did not meet or equal the requirements of Listing 11.17 is supported by substantial evidence.

**4.**

Plaintiff argues that the ALJ failed to correctly apply SSR 02-1p in evaluating the severity of her obesity. Plaintiff claims error in the ALJ's failure to include a separate discussion of SSR 02-01p in the RFC section of her opinion, but she cites no supporting case law. (Plf. Brief, 18-20, PageID.897-99; Reply Brief, 3-4, PageID.924-25).

The Sixth Circuit has repeatedly held that SSR 02-1p does not establish any particular procedural mode of analysis for addressing the claims of obese disability claimants. *See Coldiron v. Commissioner*, 391 F. App'x 435, 442-43 (6th Cir. 2010) (It is " 'a mischaracterization to suggest that Social Security Ruling 02-1p offers any particular mode of analysis for obese disability claimants.' ") (quoting *Bledsoe v. Barnhart*, 165 F. App'x 408, 412 (6th Cir. 2006)); *see also Austin v. Commissioner*,

714 F. App'x 569, 573-74 (6th Cir. 2018) (SSR 02-1p "provides guidance for evaluating a claimant's obesity, but does not create a separate procedure requiring the Commissioner to consider obesity in every case."); *Titles II & XVI: Evaluation of Obesity*, SSR 02-1p (reprinted at 2002 WL 34686281) (SSA Sept. 12, 2002).

The ALJ considered plaintiff's obesity. She discussed plaintiff's BMI and applied SSR 02-1p. (Op., 4-5, PageID.87-88). A diagnosis of obesity "does nothing to demonstrate that [plaintiff's] obesity imposed any additional work-related limitations[.]" *Leppien v. Commissioner*, No. 1:15-cv-722, 2016 WL 3661851, at *6 (W.D. Mich. July 11, 2016). The ALJ found that plaintiff's "excess weight was not so great or distributed in such a manner as to significantly hinder her performance of basic work activities such as sitting, standing, walking, bending, reaching, or manipulating." (Op., 5, PageID.88). The ALJ's finding that plaintiff's obesity would not significantly hinder performance of basic work activities is supported by substantial evidence. Plaintiff did not carry her burden of demonstrating the need for a more restrictive RFC. *See Jordan v. Commissioner*, 548 F.3d 417, 423 (6th Cir. 2008). I find no basis for disturbing the Commissioner's decision.

## Recommended Disposition

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.


Dated: August 12, 2019           /s/  Phillip J. Green            
                                 PHILLIP J. GREEN
                                 United States Magistrate Judge


## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a forfeiture of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Berksire v. Beauvais*, 928 F. 3d 520, 530-31 (6th Cir. 2019); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).