UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

TANIA J. TITUS,

  Plaintiff,

v.             Case No. 1:18-CV-749

COMMISSIONER OF       HON. GORDON J. QUIST
SOCIAL SECURITY,

  Defendant.
_____/

# ORDER ADOPTING
# REPORT AND RECOMMENDATION

  Plaintiff filed a complaint pursuant to 42 U.S.C. §§ 405(g) and 1383(c) seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's application for disability insurance benefits. (ECF No. 1.) Plaintiff raised the following issues: (1) the Administrative Law Judge (ALJ) erred in failing to give controlling weight to the opinion of Plaintiff's treating physician, Simone Bruemmer, D.O.; (2) the ALJ's finding that Plaintiff's migraine headaches were not severe impairments is not supported by substantial evidence; (3) the ALJ committed reversible error in failing to find that Plaintiff's essential tremors met or equaled the criteria of Listing 11.17; and (4) the ALJ failed to correctly apply SSR 02-1p in evaluating the severity of Plaintiff's obesity. (ECF No. 12 at PageID.880–81.)

  On September 9, 2019, Magistrate Judge Phillip Green issued a Report and Recommendation (R & R) recommending that the Court reject Plaintiff's arguments and affirm the Commissioner's decision. Plaintiff has filed an objection to the R & R, asserting that the magistrate judge erred in

his analysis of all four issues. The Commissioner has filed a response, arguing that the Court should adopt the R & R.

Pursuant to 28 U.S.C. § 636(b)(1), this Court is required to review *de novo* those portions of the R & R to which specific objections have been made. The Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. *Id.* After reviewing the R & R, Plaintiff's objection, the Commissioner's response, and the pertinent portions of the administrative record, the Court will overrule Plaintiff's objection and adopt the R & R as the opinion of the Court.

First, regarding the weight the ALJ assigned to Dr. Bruemmer's opinion, the Court finds no basis to reject the magistrate judge's conclusions that the ALJ complied with the pertinent Social Security Rulings and Regulations, *see* Soc. Sec. Rul. No. 96-6p, 1996 WL 374180 (Sec. Sec. Admin. July 2, 1996); 20 C.F.R. § 404.1527(c); that she gave good reasons for giving Dr. Bruemmer's opinion less than controlling weight; and that such reasons were supported by substantial evidence. Plaintiff's arguments, in essence, ask this Court to substitute its judgment for that of the ALJ, which is improper. *See Mullins v. Sec'y of Health & Human Servs.*, 836 F.2d 980, 984 (6th Cir. 1987) (holding that a disagreement with the weight that an ALJ assigned to opposing medical opinions is not a basis for setting aside the ALJ's factual findings). Moreover, Plaintiff's continued assertion of her arguments that the ALJ failed to recontact Dr. Bruemmer and failed to consider the statements of Plaintiff's sister-in-law is improper, as the magistrate judge correctly observed that Plaintiff waived such arguments. (ECF No. 15 at PageID.930 n.1.) *See Allen v. Comm'r of Soc. Sec.*, No. 1:16-CV-170, 2016 WL 6471092, at *6 n.4 (W.D. Mich. Nov. 2, 2016).

Next, Plaintiff fails to explain why the magistrate judge erred in concluding that the ALJ's failure to find that her migraine headaches were a severe impairment at step two had no impact on the ALJ's subsequent analysis. Moreover, Plaintiff's citation of SSR 19-4p, 2019 WL 4169635

2

(Aug. 26, 2019), is irrelevant, as the Social Security Administration did not begin applying the ruling until after its effective date—well after the ALJ issued her decision.

Third, Plaintiff fails to show error in the magistrate judge's conclusion that the ALJ properly determined that Plaintiff's essential tremors did not meet or equal a listed impairment, including Listing 11.17. As a side note, while Plaintiff argues that the magistrate judge erred in stating that Plaintiff did not claim that she met or equaled Listing 11.17 in her prehearing brief because she reserved in her brief the right to offer a listing argument at the hearing, Plaintiff does not dispute the magistrate judge's observation that Plaintiff did not actually argue that she met or equaled Listing 11.17 during the administrative hearing. (ECF No. 16 at PageID.950.) In any event, the magistrate judge fully set forth why the ALJ's conclusion that Plaintiff did not meet or equal Part A of Listing 11.17 was supported by substantial evidence, and Plaintiff offers no basis to undermine his conclusion. Finally, as Plaintiff never argued to the magistrate judge that she met Part B of Listing 11.17, such argument is waived. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (stating that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate").

Last, Plaintiff offers no persuasive argument for rejecting the magistrate judge's conclusion that the ALJ did not err in finding that Plaintiff's obesity did not call for a more restrictive residual functional capacity finding. As with SSR 19-4p, Plaintiff's citation of SSR 19-2p, 2019 WL 2374244 (May 20, 2019) is irrelevant, as it went into effect long after the ALJ issued her decision.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued August 12, 2019 (ECF No. 15) is **ADOPTED** as the Opinion of the Court, and the decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objection (ECF No. 16) is **OVERRULED**.

A separate judgment will issue.

This case is **concluded**.


Dated: September 26, 2019                    /s/ Gordon J. Quist
                                             GORDON J. QUIST
                                        UNITED STATES DISTRICT JUDGE